UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| DAVID SALINAS, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No.  SA-10-CA-984-XR |
| § | |
| TEXAS PAROLE BOARD, § | |
| § | |
| Respondent. § | |

ORDER ADOPTING UNITED STATES
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On this date the Court considered the United States Magistrate Judge's Report and Recommendation in the above-numbered and styled case, filed December 22, 2010 (Docket Entry No. 2), and Plaintiff's objections thereto (Docket Entry No. 6).  After careful consideration, the Court will accept the recommendation and dismiss this case.

Where no party has objected to the Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of it.  *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made").  In such cases, the Court need only review the Report and Recommendation and determine whether it is either clearly erroneous or contrary to law.  *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).  On the other hand, any Report or Recommendation that is objected to requires de novo review.  Such a review means that the Court will examine the entire record and will make an independent assessment of the law.  The Court need not, however, conduct a de novo review when the objections are frivolous, conclusive, or general in

nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987). In this case, Plaintiff objected to the Magistrate Judge's recommendation, so the Court will conduct a de novo review.

On April 30, 1991, Salinas pled guilty and was convicted of three offenses in Bexar County Texas: attempted burglary of a habitation, theft, and unauthorized use of a motor vehicle in cause numbers 91-CR-0208, 91-CR-1364, 91-CR-1363, and 91-CR-6274. The sentence for each offense was fifteen years, to be served concurrently with one another. On September 23, 1996, Salinas was convicted in cause numbers 96-CR-1190 and 96-CR-0326 for burglaries of habitation and sentenced to fifteen years imprisonment to run concurrently with any other state sentence. On June 21, 2001, Salinas was paroled and released to the United States Marshal's Service, discharging his federal sentence for possession of a firearm by a convicted felon, cause number SA-91-CR-316, on September 13, 2002. While on parole, Salinas was convicted in cause numbers 03-CR-6767 and 03-CR-6768 of possession of a controlled substance resulting in sentences of six years to be served concurrently with his prior state sentences.

Salinas has previously filed three petitions pursuant to 28 U.S.C. § 2254 for writs of habeas corpus. In his first application, cause number SA-06-CA-565-OG, Salinas challenged the manner of service and the good time credit calculation of his state sentences in cause numbers 96-CR-326 and 96-CR-1190. The Report and Recommendation of United States Magistrate Judge Pamela A. Mathy from February 9, 2007 denied Salinas' claims on the basis of the one year statute of limitations provided by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d), and his failure to exhaust state remedies. This Report and Recommendation was adopted by United States District Judge Orlando Garcia, the case was dismissed on February 27, 2007, and Salinas did not

appeal.

Salinas' second application, cause number SA-07-CA-997-PMA, challenged the sentence imposed in cause number 03-CR-6767. This application was dismissed as moot by Judge Mathy, because Salinas had been released on parole. Salinas appealed, but the appeal was dismissed for want of prosecution.

Salinas' third application, cause number SA-10-CA-983-XR, was filed under 28 U.S.C. § 2241, but construed by the Magistrate Judge to be a petition under 28 U.S.C. § 2254. Salinas challenged the calculation of his sentences in cause numbers 96-CR-326 and 96-CR-1190, as well as alleging that none of his state convictions from the period 1990-1996 had been credited with the time served in federal custody for cause number SA-91-CR-316.

The present application for habeas corpus relief was filed by Salinas pursuant to 28 U.S.C. § 2241, alleging that his state sentences had been unlawfully extended by the Texas Parole Board, and that the Texas Department of Criminal Justice refuses to credit his state sentences with time served for his federal conviction.

Although Salinas filed his application under 28 U.S.C. § 2241, Magistrate Judge Primomo construed it as a 28 U.S.C. § 2254 petition. Filing under 28 U.S.C. § 2241 does not relieve the requirements of Section 2254 for persons in custody pursuant to a state court decision. *Stephens v. Cain*, 2010 WL 4386521, at *1, n.1 (M.D. La. 2010); *Estrada v. Thaler*, 2010 WL 2216315, at *2 (N.D. Tex. 2010).

The first two claims are the same objections to sentence calculation as those raised in Salinas' third petition, cause number SA-10-CA-983-XR, but challenge different state sentences – cause numbers 91-CR-1364 and 91-CR-0208. Salinas argues that the fifteen year sentence for each state

conviction should have expired on different dates in 2005, but have been unlawfully extended by the Texas Parole Board to 2013. Salinas' third claim is that his state sentences have not been properly credited with time he spent in federal custody.

Judge Primomo adopted Judge Mathy's earlier reasoning regarding Salinas' first habeas petition in SA-06-565-OG and recommended that all three of Salinas' claims be dismissed. He found that Salinas' claims that his state sentences were improperly calculated, and his claim that his state sentences have not been properly credited for time served in federal custody, are all barred from review by AEDPA's one year statute of limitations. Alternatively, he held that Salinas' petition is precluded by his failure to satisfy the requirement of 28 U.S.C. § 2254(b) that an applicant in Salinas' position exhaust available state court remedies prior to requesting federal habeas corpus relief. *See Woodford v. Ngo*, 548 U.S. 81, 92 (2006).

On December 29, 2010, Salinas filed objections to the Magistrate Judge's Memorandum and Recommendation. Salinas' first, third, and fourth objections are to the use of 28 U.S.C. § 2254 and the accompanying one year AEDPA statute of limitations as the basis of reviewing his habeas corpus petition. Salinas argues that his petition should be reviewed as being filed under 28 U.S.C. § 2241 rather than 28 U.S.C. § 2254 because he is not challenging the validity of his convictions, but the execution of his sentence.

28 U.S.C. § 2241 is the general habeas corpus statute, providing power to grant the writ and describing the circumstances for doing so. 28 U.S.C. § 2254 is applicable only to applicants in state custody who are seeking a federal remedy. Because Salinas is in custody pursuant to judgments of Texas State courts, 28 U.S.C. § 2254 and its associated requirements specifically apply to him. Further, it is a "well-established canon of statutory construction that when two statutes cover the same

situation, the more specific statute takes precedence over the more general one." *Coady v. Vaughn*, 251 F.3d 480, 484 (3d Cir. 2001), *citing Edmond v. U.S.*, 520 U.S. 651, 657 (1997). Applying this canon, the limitations created by 28 U.S.C. § 2254 and the one year statute of limitations applicable to that section are not circumvented by resorting to the more general 28 U.S.C. § 2241. See *Varity v. Howe*, 516 U.S. 489, 511 (1996).

Because 28 U.S.C. § 2254 is the appropriate governing statute for Salinas' application, his claims are subject to the one year statute of limitations found in 28 U.S.C. § 2244(d)(1). As Judge Primomo calculated, Salinas' statutory one year limitations period began to run on November 24, 2003, was tolled for various reasons, and was exhausted in 2006. Therefore, Salinas' claims are time barred.

Salinas' second objection is that under 28 U.S.C. § 2254(b)(1)(B)(ii), the available state corrective process is inadequate to protect his rights. No factual support is offered for this position other than Salinas' assertion that his sentences should end on January 11, 2011, rather than in 2013 as calculated by the Texas Parole Board, and no explanation is given for his failure to exhaust state remedies. Therefore, Salinas' objections are conclusory, and a District Court is under no obligation to conduct a de novo review of "frivolous, conclusive, or general objections." *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

What is styled as Salinas' fifth objection is a request for a de novo review of his objections, which, as stated above, is granted by 28 U.S.C. § 636(b)(1), allowing for a "de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made." Salinas, however, goes further and asks for this de novo review to be governed by 28 U.S.C. § 2241 rather than 28 U.S.C. § 2254. As discussed, the appropriate governing statute

for Salinas' request is 28 U.S.C. § 2254.

For the reasons stated above, the Court ACCEPTS the Magistrate Judge's Memorandum and Recommendation and DISMISSES Salinas' petition. The Court also DENIES a certificate of appealability. The case is DISMISSED.

It is so ORDERED.

SIGNED this 31st day of January, 2011.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE